UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARINA FOCACCIA & CUCINA ITALIANA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>700 VALENCIA STREET LLC,<br><br>Defendant. | Case No. 15-cv-02286-JCS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

## I. INTRODUCTION

On May 21, 2015, Plaintiff Farina Focaccia & Cucina Italiana, LLC filed this action in federal court against Defendant 700 Valencia Street LLC. Plaintiff alleges that Defendant violated the terms of the parties' lease agreement by refusing to extend the lease after Plaintiff properly exercised an option to extend the lease. *Id*. Defendant now brings a Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) (the "Motion"), arguing that Plaintiff is a voided Delaware company and therefore lacks the capacity to sue in federal court. The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). A hearing on the Motion was held on August 7, 2015 at 2:00 p.m. For the reasons set forth below, Defendant's Motion is DENIED.

## II. BACKGROUND

### A. Complaint[1]

Plaintiff Farina Focaccia & Cucina Italiana, LLC alleges that it is "a Delaware Limited Liability Company in good standing." Compl. ¶ 2. It further alleges that Defendant 700 Valencia Street, LLC, is a California Limited Liability Company and that its registered agent for service of process is John O'Connor, whose address is 49 Rockaway Avenue, in San Francisco. *Id.* ¶ 3. Plaintiffs bring this action in federal court on the basis of diversity jurisdiction, under 28 U.S.C. § 1332, alleging that there is complete diversity of citizenship[2] and that the amount in controversy exceeds $75,000. *Id.*, ¶ 4.

Plaintiff alleges that in May 2010, it leased space in Defendant's property and invested about $2 million constructing a restaurant known as "Farina Pizza." *Id.* ¶ 7. Plaintiff's lease agreement was for an initial five-year term and gave Plaintiff the option to extend the agreement for two additional five-year terms or to purchase the property during the fifth year of any term. *See id.*; Compl. Ex. A ("Lease") ¶¶ 56–57. The Lease required Plaintiff to notify Defendant that it was exercising its extension option at least three and no more than six months before the expiration of a given term and provided that Plaintiff could exercise its extension option only if Plaintiff was not in default of its obligations under the lease. *See* Compl. ¶ 7; Lease ¶ 56. The Lease established that Plaintiff's monthly rent would be $8,000 during the first three years of the initial term, $8,400 during the last two years of the initial term, $8,820 during the entire second term, and $9,702 during the entire third term. Lease ¶¶ 4, 56. Plaintiff alleges that fair market rent for the Farina Pizza premises was about $17,640 per month as of May 2015. *See* Compl.

---

[1] Following the motion hearing, and with the Court's leave, Plaintiff filed an amended complaint ("FAC") in which it added two claims to the complaint and requested additional relief in connection with those claims. Apart from the addition of these claims, which do not have any bearing on the arguments raised in the Motion, the allegations in the FAC mirror those in the original complaint. Because the parties framed their arguments with reference to the original complaint, the Court does the same.

[2] An LLC is a citizen of every state of which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2005). Although Plaintiff did not include allegations as to the citizenship of the *members* of the two limited liability companies, the parties have supplied declarations in response to the Court's order listing their members that establish that they are, in fact, completely diverse. *See* dkt. 23, 24, 27.

¶ 10.

According to Plaintiff, in early December 2014, it sent a letter to Defendant exercising its option to extend the Lease through April 2020, effective January 1, 2015. Compl. ¶ 7; Compl. Ex. B. Plaintiff sent the letter by certified mail and Defendant signed the certified mail receipt on December 12, 2014. Compl. ¶ 7; Compl. Ex. B.

In mid-January 2015, Plaintiff and Defendant met in San Francisco and discussed Plaintiff's proposed business operations during the forthcoming five years, among other topics. Compl. ¶ 8. At that meeting, Plaintiff gave Defendant a copy of the written notice of Plaintiff's exercising of the lease extension option. *Id*.

In late March 2015, after Plaintiff's lease extension period had ended, Defendant notified Plaintiff by email that Defendant would not extend the Lease beyond the initial term. *See* Compl. ¶ 9. The next day, Plaintiff responded by email that it had already exercised its option to extend the Lease. *See id*. More than a month later, in early May 2015, Defendant replied by email that it had not seen Plaintiff's letter exercising the option, that Plaintiff was in default of its obligations under the lease, and that Plaintiff was a "canceled and voided" company in Delaware and "deemed forfeited" in California. *Id*. Plaintiff denies Defendant's assertions and alleges that Defendant never mentioned Plaintiff's alleged defaults prior to the May 2015 email. *Id*. ¶ 10.

Based on these allegations, Plaintiff asserts claims for: 1) Declaratory Relief, 2) Specific Performance of Written Contract, and 3) Breach of the Implied Covenant of Good Faith and Fair Dealing.[3] *See id*. ¶¶ 12–24.

**B.    Parties' Arguments**

    **1.    Motion**

Defendant moves to dismiss this action for failure to state a claim upon which relief can be granted, on the basis that Plaintiff, as a voided Delaware company, lacks the capacity to sue in federal court. *See generally* Mot. (dkt. 10). Defendant notes that capacity to sue in federal court is governed by Federal Rule of Civil Procedure 17(b) and argues that "Delaware corporate law is the

---

[3] In the FAC, Plaintiff added claims for Breach of Construction Contract/Construction Defects and Return of Security Deposits.

3

1   proper source for determining whether Plaintiff has capacity to bring this action," since a
2   corporation's capacity to sue "shall be determined by the law under which it is organized." Mot.
3   at 4 (citing FED. R. CIV. P. 17(b)(2)).

4       Defendant argues that Plaintiff lacks the capacity to sue in Delaware because, under the
5   Delaware corporate code, a corporation has no capacity to sue if its corporate charter is voided for
6   failure to pay taxes. Mot. at 4 (citing DEL. CODE ANN. tit. 8 § 510). Defendant argues that
7   Plaintiff is not protected by Delaware's "wind up" statute, which allows expired corporations to
8   continue for three years in order to "wind up" their affairs, but "*expressly prohibits* a corporation
9   from continuing after it has expired or dissolved 'for the *purpose of continuing the business* for
10  which the corporation was organized.'" Mot. at 5 (emphasis in the original) (citing DEL. CODE
11  ANN. tit. 8 § 278).

12      In support of the Motion, Defendant offers Internet records from the websites of the
13  Delaware and California Secretaries of State, of which it requests the Court take judicial notice.
14  *See* Greenquist Decl. at 1–2. First, Defendant offers a print-out from the Delaware Secretary of
15  State's website reporting Plaintiff's outstanding tax amount as $1,593 and legal status as
16  "CANCELLED-VOIDED." Greenquist Decl. Ex. A. The print-out makes no mention of a date
17  through which its contents are current. *See id*. Defendant alleges that the print-out was
18  downloaded on May 26, 2015 and—in what appears to be a typographical error—that it reflects
19  Plaintiff's Delaware LLC status as of June 12, 2015. Greenquist Decl. at 2.

20      Second, Defendant offers a print-out from the California Secretary of State's website
21  reporting Plaintiff's legal status as "FTB FORFEITED." Greenquist Decl. Ex. B. The print-out
22  states that its contents "reflect work processed through Tuesday, June 09, 2015." *Id*. Defendant
23  alleges that the print-out was downloaded on June 12, 2015 and that it reflects Plaintiff's
24  California LLC status as of June 12, 2015. Greenquist Decl. at 2.

25      **2.   Opposition**
26      Plaintiff argues that Defendant's Motion must be denied because Plaintiff has pled that it is
27  a Delaware LLC in good standing, which the Court must take as true. Pl.'s Opp. at 2. In addition,
28  Plaintiff submits evidence that it has, in fact, paid its taxes and that it filed a "certificate of revival"

4

in Delaware on May 19, 2015, two days before filing this action. Bohachek Decl. ¶¶ 4–7, Ex. 2 (copies of two cashier's checks made out to the Delaware Division of Corporations dated May 18, 2015 and copy of one receipt of those payments dated May 19, 2015), Ex. 4 (certificate of revival filed with the Delaware Division of Corporations and accompanying letter stamped received on May 19, 2015). Plaintiff argues that its tax payments and certificate of revival reinstate its capacity to sue in Delaware and submits copies of provisions of the Delaware LLC code in support of its position. Pl.'s Opp. at 4; Bohachek Decl. Ex. 3. Plaintiff asserts that it advised Defendant of its tax payments, certificate of revival, and reinstated capacity to sue in Delaware and that it asked Defendant to take this Motion off calendar, but that Defendant refused. Bohachek Decl. ¶¶ 4–7. Plaintiff also asserts that it has paid $1,809.26 in outstanding California taxes. *See* Bohachek Decl. ¶ 8.

Plaintiff objects to the Court's taking judicial notice of its legal status in Delaware by way of the Delaware Secretary of State website print-out provided by Defendant. Pl.'s Opp. at 7–9. Plaintiff argues that the information displayed in the print-out is "subject to reasonable dispute" and provides evidence that the Delaware Secretary of State website itself warns (on a different page) that its results are "not an indication of the current status of an entity." Pl.'s Opp. at 7–9 (citing FED. R. EVID. 201); Bohachek Decl. Ex. 1 (printout from the Delaware Department of State's website). Plaintiff also argues that the Delaware website print-out submitted by Defendant is not "generally known within the trial court's jurisdiction" because the Delaware Secretary of State's website is maintained in Delaware. Pl.'s Opp. at 8 (citing FED. R. EVID. 201).

### 3. Reply

Defendant replies that information on government websites has frequently been treated as judicially noticeable and argues that the Court should take judicial notice of the website records from the Delaware and California Secretaries of State. Def.'s Reply at 2. Defendant further argues that the Court should not accept as true Plaintiff's allegation that it is a Delaware LLC in good standing because that allegation is contradicted by judicially noticeable facts. *Id*. at 3.

Next, Defendant notes that Plaintiff did not address the issue of its California forfeiture and asserts that "Plaintiff's California status is still 'forfeited' at the time Defendant's reply is being

5

drafted." *Id*. Defendant argues that Plaintiff therefore lacks the capacity to sue in California. *Id*. at 3 (citing CAL. CORP. CODE § 2203(c), CAL. REV. & TAX. CODE § 23301). Defendant also argues that Plaintiff's forfeiture in California renders its lease extension voidable, leaving "no relief requested in Plaintiff's Complaint that this Court can grant." *Id*. at 4 (citing CAL. REV. & TAX. CODE § 23304.1(a)).

Defendant takes issue with Plaintiff's interpretation of the Delaware website's warning that its results "are not an indication of the current status of an entity." *Id*. at 4. Defendant notes that the preceding sentence states that "[t]he search results will return both active and inactive entities from our database" and that the following sentence states that "[t]he information provided in this application is real time and reflects the information on our database as of the date of the search." *Id*. Defendant argues that the warning relates to the activity or inactivity of listed entities, not their status as "cancelled-voided." *Id*. Defendant does not explain what it means for an entity to be active or inactive, or how inactivity differs from "cancelled-voided" status. *See id*.

Finally, Defendant asserts that Plaintiff's arguments are supported "only by extraneous facts that are not subject to judicial notice" because "[n]either an officer nor a director submitted a declaration authenticating any of the documents attached to Mr. Bohachek's declaration" and because Plaintiff "failed to submit a declaration, from a person with knowledge, actually verifying any of the facts relating to Plaintiff's alleged efforts to revive its status in Delaware." *Id*. at 4–5.

### 4. Supplemental Declarations

On July 7, 2015, Plaintiff filed a declaration by its counsel, Earl Bohachek, in support of its Opposition ("First Supp. Bohachek Decl."). Bohachek declares and provides evidence that he received notice from the Delaware Secretary of State that Plaintiff was in good standing as of June 26, 2015. First Supp. Bohachek Decl. ¶ 2, Ex. 5. Bohachek also provides a printout from the Delaware Secretary of State website—downloaded on July 7, 2015—reflecting that Plaintiff was in good standing as of June 25, 2015. First Supp. Bohachek Decl. Ex. 6. Bohachek argues that, upon filing Plaintiff's certificate of revival, Plaintiff became "reinstated as though its legal status had never been forfeited in the first instance." *See* First Supp. Bohachek Decl. ¶ 2 (citing DEL. CODE ANN. tit. 6 § 18-1109(c)). In response to Defendant's argument that Plaintiff's forfeiture in

California renders its lease extension voidable, Bohachek argues that Delaware law controls its legal status and that its reinstatement in Delaware was retroactive. First Supp. Bohachek Decl. ¶ 3, 8 (citing DEL. CODE ANN. tit. 6 § 18-1109(c)). Nevertheless, Bohachek includes evidence that Plaintiff has paid $1,809.26 in outstanding California taxes. First Supp. Bohachek Decl. Ex. 7 (printout of email confirmation of payment to the California Franchise Tax Board). Bohachek also includes a copy of Plaintiff's most recently filed Statement of Information, dated June 21, 2015 and delivered to the California Secretary of State on June 23, 2015. First Supp. Bohachek Decl. Ex. 8.

On August 11, 2015, Plaintiff filed another declaration by Bohachek in support of its Opposition ("Second Supp. Bohachek Decl."). Bohachek declares that Plaintiff's only member, Luca Holdings, Inc., is a corporation incorporated in Delaware and has its principal place of business in Delaware. Second Supp. Bohachek Decl. ¶ 2. Additionally, Bohachek declares that the California Secretary of State's website lists Plaintiff as "FTB Forfeited" as of August 10, 2015, but that the website includes a statement that "[t]he data provided is not a complete or certified record of an entity." Second Supp. Bohachek Decl. ¶ 3.

### III.   ANALYSIS

#### A.   Whether the Court Should Take Judicial Notice of Information Posted on the Websites of the Delaware and California Secretaries of State

The Court takes judicial notice of the existence of the websites of the Delaware and California Secretaries of State as well as those website's displayed language, which are facts "not subject to reasonable dispute." *See* FED. R. EVID. 201(b). The Court's judicially noticed facts include Plaintiff's *reported* legal status in Delaware as of an undetermined date, Plaintiff's *reported* legal status in California as of June 9, 2015, and the Delaware website's language stating that its content is "not an indication of the current status of an entity" but "reflects the information on [Delaware's] database as of the date of the search." The Court does not take judicial notice of Plaintiff's *actual* legal status as of any particular date in either Delaware or California, which is a legal conclusion that may conflict with Plaintiff's reported status, not a fact that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* FED.

R. EVID. 201(b); *see also Copeland v. Liberty Life Assurance Co. of Boston*, No. 15-CV-01487-JCS, 2015 WL 4194192, at *3 (N.D. Cal. July 10, 2015) (taking judicial notice of the existence of a court order but not the correctness of the decision).

### B. Whether Plaintiff's Claims Should Be Dismissed for Lack of Capacity to Sue

#### 1. Legal Standard

##### a. Failure to State a Claim for Lack of Capacity to Sue

Rule 12 of the Federal Rules of Civil Procedure does not indicate which—if any—listed 12(b) defense should cover a motion to dismiss for lack of capacity to sue. *See* FED. R. CIV. P. 12(b). However, Rule 9(a) provides that a party wishing to raise the issue of capacity to sue "must do so by a specific denial," which implies that the "lack of capacity to sue" defense is waivable and therefore not one of subject-matter jurisdiction under Rule 12(b)(1). *See* FED. R. CIV. P. 9(a)(2); *Srock v. United States*, No. 04-CV-72788-DT, 2006 WL 2460769, at *4 (E.D. Mich. Aug. 23, 2006); *Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343, 345–46 (7th Cir. 1991). Instead, the "lack of capacity to sue" defense is one of legal insufficiency, and a claim made by or against a party that lacks the capacity to sue or be sued should be dismissed under Rule 12(b)(6) for failure to state a claim "upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6); *Banks.com, Inc. v. Keery*, No. C09-06039 WHA, 2010 WL 727973, at *2, *7 (N.D. Cal. Mar. 1, 2010) (dismissing the plaintiff's claims against a defendant under Rule 12(b)(6) for that defendant's lack of capacity to be sued); *Rosales v. Wells Fargo Bank, N.A.*, No. 13-CV-01316-BLF, 2014 WL 4770572, at *3 (N.D. Cal. Sept. 24, 2014) (granting the plaintiff leave to cure a lack of capacity to sue in response to a 12(b)(6) motion to dismiss); *see also Lindsey v. Starwood Hotels & Resorts Worldwide Inc.*, 409 F. App'x 77, 78 (9th Cir. 2010) ("Whether a plaintiff possesses legally enforceable rights under a contract is a question on the merits rather than a question of constitutional standing. Such a plaintiff fails to state a claim on which relief can be granted").

##### b. Dismissal for Failure to State a Claim Under Rule 12(b)(6)

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "The purpose of a motion to dismiss under Rule

1  12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

In ruling on motions to dismiss under Rule 12(b)(6), courts "take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### 2.   Discussion

The relevant law for determining Plaintiff's capacity to sue in federal court is the law of California. An individual's capacity to sue in federal court is determined "by the law of the individual's domicile." FED. R. CIV. P. 17(b)(1). A corporation's capacity to sue in federal court is determined "by the law under which it was organized." FED. R. CIV. P. 17(b)(2). Any other party's capacity to sue in federal court—including that of a partnership, limited liability company, or other unincorporated association—is determined "by the law of the state where the court is located." *See* FED. R. CIV. P. 17(b)(3); *Global BTG LLC v. Nat'l Air Cargo, Inc.*, No. CV 11-1657

1   RSWL (JCGx), 2011 WL 2672337, at *1 (C.D. Cal. June 29, 2011) ("the law of the state in which

2   the district court is located should be applied in determining whether a LLC has capacity to sue or

3   be sued") (citing *Albers v. Guthy-Renker Corp.*, 92 F. App'x 497, 499 (9th Cir. 2004)).  Therefore,

4   the Court looks to California law with respect to Plaintiff's capacity to sue in federal court.

5        California law provides two relevant requirements for prosecuting an action in California.

6   First, a foreign LLC must have a certificate of registration to transact business in California, the

7   obtainment of which requires a certificate of good standing from the foreign LLC's home state.

8   *See* CAL. CORP. CODE §§ 17708.02(b), 17708.07(a).  Second, any organization, regardless of its

9   structure or citizenship, must be current with respect to its California taxes.  CAL. REV. & TAX.

10  CODE § 23301; *see also Grell v. Laci Le Beau Corp.*, 87 Cal. Rptr. 2d 358, 363 (Cal. Ct. App.

11  1999); *Timberline, Inc. v. Jaisinghani*, 64 Cal. Rptr. 2d 4, 6 (Cal. Ct. App. 1997).

12       Defendant frames its arguments entirely with reference to Delaware law and does not

13  address whether Plaintiff holds a certificate of registration to transact business in California.

14  However, to the extent that Defendant's challenge under Delaware law may implicate California's

15  requirement that Plaintiff have a certificate of good standing from Delaware, the challenge

16  nonetheless fails at the pleadings stage.  Plaintiff has alleged that it is in good standing in

17  Delaware.  Compl. ¶ 2.  Taking Plaintiff's allegation as true and construing it in the light most

18  favorable to Plaintiff, the Court draws the reasonable inference that Plaintiff has a certificate of

19  registration to transact business in California.  *See Symington*, 51 F.3d at 1484 (9th Cir. 1995).[4]

20       Defendant also argues that Plaintiff lacks the capacity to sue in California because it has

21  failed to pay taxes it owes in California.  Reply at 3–4 (citing CAL. CORP. CODE § 2203(c), CAL.

22  REV. & TAX. CODE §§ 23301, 23304.1(a)).  This argument likewise fails at the pleading stage.

23  While Defendant has cited the California Secretary of State website listing showing Plaintiff as

24  forfeited, Plaintiff's counsel declares and has supplied evidence that Plaintiff has paid its

25  California taxes.  Greenquist Decl. Ex. B; First Supp. Bohachek Decl. Ex. 7.  Thus, resolution of

---

[4] Although the Court finds that Plaintiff's allegations are sufficient to survive a Rule 12(b)(6) Motion, it notes that Plaintiff has submitted evidence that it is, in fact, in good standing in Delaware.  First Supp. Bohachek Decl. Ex. 5, 6.

1 this issue requires the Court to make factual findings and is more appropriately addressed at a later
2 stage of the case.
3 Finally, Defendant argues that the Court cannot grant Plaintiff's requested relief because
4 Plaintiff's lease extension occurred while Plaintiff was forfeited in California, rendering that
5 extension "voidable at the request of any party to the contract except the [forfeited organization
6 itself]." *See* Def.'s Reply at 4; CAL. REV. & TAX. CODE §§ 23305a, 23304.1(a). The Court
7 declines to reach this argument, which goes to the merits of Plaintiff's claims regarding the
8 enforceability of the option extension and presumes Plaintiff's actual legal status in California,
9 which is a factual issue in dispute.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 18, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge