UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 700 VALENCIA STREET LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>FARINA FOCACCIA & CUCINA ITALIANA, LLC,<br><br>           Defendant. | Case No. 15-cv-04931-JCS<br>Related Case No. 15-02286-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS FEES**<br><br>Re: Dkt. No. 47 |

## I.    INTRODUCTION

The dispute in these related cases revolves around a commercial lease for a restaurant property located at 702-706 Valencia Street, in San Francisco, California.  In the lower-numbered case ("the Breach of Contract Action"), filed on May 21, 2015, Farina Focaccia & Cucina Italiana, LLC ("Farina Focaccia") asserts, *inter alia*, that landlord 700 Valencia Street LLC ("700 Valencia") breached the parties' lease agreement ("Lease") by refusing to extend the lease pursuant to an option that Farina Focaccia contends it validly exercised.  The higher-numbered case ("the Unlawful Detainer Action") is an unlawful detainer case that was brought against Farina Focaccia and Luca Minna, among others. On April 19, 2016, the Court granted a motion to dismiss ("Motion to Dismiss") by Defendant Luca Minna in the Unlawful Detainer Action, finding that the allegations in the Unlawful Detainer complaint were not sufficient to state a claim as to Minna.

Presently before the Court is Minna's Motion for Attorneys' Fees ("Motion"), in which he asks the Court to award attorneys' fees incurred in connection with the Motion to Dismiss under

California Civil Code § 1717,[1] pointing to the attorneys' fees provision found at Paragraph 58 of the Lease.  700 Valencia contends Minna may not recover under Paragraph 58 because he was not a party to that the Lease.  It further contends that while there are circumstances under which California law permits a non-signatory to an agreement to recover attorneys' fees under a contractual attorneys' fees provision, that exception to the general rule does not apply.

The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and therefore vacates the hearing scheduled for **July 29, 2016**.  For the reasons stated below, the Motion is GRANTED.[2]

## II.   ANALYSIS

### A.   Whether Minna is Entitled to an Award of Attorneys' Fees Under California Civil Code Section 1717

California Civil Code section 1717 provides, in relevant part, as follows:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717.  The California Supreme Court has explained that this provision "was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney's fees available for only one party." *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 128 (1979).  Consistent with this purpose, the court in *Reynolds* found that section 1717 should be construed "to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." *Id*.

The term "on a contract" under section 1717 is construed liberally by California courts. *Eden Twp. Healthcare Dist. v. Eden Med. Ctr*., 220 Cal. App. 4th 418, 426 (2013) (citing *Turner*

---

[1] Although Minna refers to California Code of Civil Procedure § 1717 in the Motion, he corrects this error in his Reply brief, correctly referring to the California Civil Code.
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

1  *v. Schultz*, 175 Cal. App. 4th 974, 979 (2009)).   The court in *Eden Township* explains:

> The phrase "action on a contract" includes not only a traditional action for damages for breach of a contract containing an attorney fees clause (e.g., *Jones v. Drain* (1983) 149 Cal.App.3d 484, 487–488, 196 Cal.Rptr. 827), but also any other action that "involves" a contract under which one of the parties would be entitled to recover attorney fees if it prevails in the action (e.g., *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 486, 70 Cal.Rptr.3d 9). "In determining whether an action is 'on the contract' under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action." (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 347, 85 Cal.Rptr.3d 532.)

*Id*.

Thus, the question of whether a defendant who prevails in an unlawful detainer case may receive an award of attorneys' fees on the basis of an attorneys' fees provision in a lease does not focus on the abstract question of whether an unlawful detainer action sounds in tort or contract but instead, on the specific basis for the plaintiff's claim.  Consequently, California courts have found that an unlawful detainer action may or may not be an "action on a contract," depending on the rights the plaintiff in the action is seeking to enforce.  For example, California courts have found that "an unlawful detainer action based on a lessee's alleged breach of covenants in a lease" sounds in contract for the purposes of Section 1717.  *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal. App. 4th 230, 241 (2012) (citing *Mitchell Land & Imp. Co. v. Ristorante Ferrantelli, Inc.*, 158 Cal. App. 4th 479, 490 (2007) (finding that because unlawful detainer action was premised upon an alleged breach of covenants of the lease, the action was one "on a contract" for the purposes of Section 1717).  On the other hand, California courts have concluded that "an unlawful detainer action based on tortious holding over after expiration of a lease" is not an action "on a contract" under section 1717 because it sounds in tort.  *Id*. (citation omitted).

Here, as discussed in the Court's previous order, 700 Valencia apparently named Minna as a defendant in the Unlawful Detainer Action on the basis that he was a guarantor on the Lease between 700 Valencia and Farina Focaccia.  Although the form complaint 700 Valencia filed in state court to initiate this action contains insufficient facts to determine the basis for 700

1  Valencia's claim, 700 Valencia makes clear in its pending summary judgment motion that it filed

2  the unlawful detainer action to enforce its Lease with Farina Focaccia, stating that it is entitled to

3  summary judgment in that action because Farina had defaulted on the Lease:

> [t]he Lease was not extended for an additional five-year term as Farina contends because it was in default of the Lease at the time of the purported notice to extend. By the terms of the Lease Agreement, Farina had no right to extend the Lease term at any time it was in default of the Lease.

Notice of Motion, Docket No. 50, Case No. C-15-4931 JCS.  Therefore, the Court concludes that the claim against Minna in the Unlawful Detainer Action is one "on a contract" and that if 700 Valencia had prevailed in that action, it would have been entitled to an award of attorneys' fees under the Lease.  Therefore, under *Reynolds*, Minna is entitled to an award of attorneys' fees under Paragraph 58 of the Lease on the basis that he has been dismissed from the Unlawful Detainer Action with prejudice and therefore is the prevailing party.

### B.   The Amount of the Fee Award

Section 1717 provides for an award of "reasonable attorney's fees," which is a determination that is committed to the discretion of the trial court.  *Melnyk v. Robledo*, 64 Cal. App. 3d 618, 623–24 (1976).  Because "[t]he value of legal services performed in a case is a matter in which the trial court has its own expertise," a court "may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony." *Id*.  In making this determination, courts should consider "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *Id*.

California courts have adopted the "lodestar" method for determining reasonable attorneys' fees.  *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (fee setting inquiry in California ordinarily begins with the lodestar).  The lodestar figure is the product of the hours counsel reasonably spent on the case and a reasonable hourly rate.  *Id.*; *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).  Once calculated, while the court is permitted to adjust the lodestar figure pursuant to a variety of factors, there is a strong presumption that the lodestar is reasonable.  *Johnson v. Lin*, No. 2:13–cv–01484–GEB–DAD, 2016 WL 1267830, at \*1 (E.D. Cal. Mar. 31, 2016).

1    Here, Minna seeks fees in the amount of $15,750 for 22.5 hours of work (which includes
2  work on the Motion to Dismiss and the instant motion) at a rate of $700/hour for work by Mr.
3  Bohachek.  Counsel has provided a declaration attesting to the time spent on the two motions and
4  stating that he has practiced for 44 years.  Bohachek Decl. ¶¶ 3, 5.  According to Mr. Bohacheck,
5  his office is in Marin County and therefore, his hourly rate is lower than practitioners who are
6  based in San Francisco.  *Idi. ¶ 5.* In particular, he states that attorneys with comparable experience
7  who practice in San Francisco, "to [his] knowledge," charge between $750-850/hour.  *Id*.  He also
8  points to the Laffey Matrix rate for attorneys who practice in the District of Columbia of
9  $796/hour.  He does not, however, state that $700/hour is the rate he customarily charges his
10 clients.  Nor has he specifically identified any particular attorney in San Francisco who received
11 the rates stated above or demonstrated that his own qualifications (other than the bare number of
12 years practiced) are comparable.

13   The fee applicant has the burden of producing satisfactory evidence, in addition to the
14 affidavits of its counsel, that the requested rates are in line with those prevailing in the community
15 for similar services of lawyers of reasonably comparable skill and reputation. *Jordan*, 815 F.2d at
16 1263.  Fee applicants may provide affidavits of practitioners from the same forum with similar
17 experience to establish the reasonableness of the hourly rate sought.  *See, e.g., Mendenhall v. Nat'l*
18 *Transp. Safety Bd.,* 213 F.3d 464, 471 (9th Cir. 2000); *Jones v. Metro. Life Ins. Co.*, 845 F. Supp.
19 2d 1016, 1024–25 (N.D. Cal. 2012).  Decisions by other courts regarding the reasonableness of the
20 rate sought may also provide evidence to support a finding of reasonableness.  *See Widrig v. Apfel*, 140
21 F.3d 1207, 1210 (9th Cir. 1998) (holding that a rate set by the district court based, in part, on the rate
22 awarded to same attorney in another case, was reasonable).

23   The declaration provided by Mr. Bohacheck is too cursory to demonstrate that the $700/hour
24 rate he seeks is reasonable.  However, the Court is cognizant of the length of time that Mr. Bohacheck
25 has practiced.  Accordingly, and because the Court has no information before it about Mr. Bohachek's
26 experience other than the number of years he has practiced, the Court finds a rate of $600/hour to be
27 reasonable.
28   The Court also reduces the hours sought by Minna.  The briefing provided by Minna's counsel

5

on the Motion to Dismiss was minimal. Moreover, a significant portion of the Motion to Dismiss was argued with reference to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the alleged absence of subject matter jurisdiction over Minna even though the Court had expressly found that it had subject matter jurisdiction over the Unlawful Detainer Action in a previous order. As a consequence, while the Court granted the Motion to Dismiss, it did not do so based on the briefing provided by Defendant Minna, relying instead on Rule 12(b)(6) and authority that was not cited by Minna's counsel. Under these circumstances, the Court finds that a reasonable amount of time to award in connection with the motion to dismiss and the instant motion is eight hours.

## III. CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Court awards $4,800 in attorneys' fees.

**IT IS SO ORDERED.**

Dated: July 15, 2016

JOSEPH C. SPERO
Chief Magistrate Judge